ORIGINAL



1   DANIEL E. GARDENSWARTZ [SBN 169749]
    dgardenswartz@swsslaw.com
2   SOLOMON WARD SEIDENWURM & SMITH, LLP
    401 B Street, Suite 1200
3   San Diego, California 92101
    Telephone: (619) 231-0303
4   Facsimile: (619) 231-4755

5   Attorneys for Defendants PLAZA SQUARE, LTD.
    HONEYBEE FOODS CORP, DBA JOLLIBEE;
6   WING BIZ INC DBA WINGS N THINGS;
    CHRIS CHRIS ENTERPRISES DBA LITTLE CAESARS;
7   SANG K. LEE DBA BASKIN-ROBBINS ICE CREAM;
    MICHAEL WONG DBA PLAZA COIN LAUNDRY;
8   EMILIA T. HERNANDEZ DMD; KEDDINGTON
    & KALRA OPTEOMERISTS APC DBA EYE CARE
9   OPTOMETRY ASSOCIATE; ANNABELLE MATTOX
    DBA ANABEL HAIR AFFAIR; LOAN NGUYEN DBA
10  CHARLENES NAIL; KIM PHAT JEWELRY AND
    REPAIR CORP; HOLLYWOOD MUSIC;
11  MOMMY AND ME; DR BRADFORD EMERY

FILED

08 JUN -9 PM 4:30

BY:  ECC        DEPUTY

12              UNITED STATES DISTRICT COURT

13           SOUTHERN DISTRICT OF CALIFORNIA

14  NONI GOTTI,                      CASE NO. 08 CV 1029 WQH WMc

15              Plaintiff,

                                     NOTICE OF REMOVAL OF ACTON
16  v.                               UNDER 28 U.S.C. § 1441(b)
                                     (Federal Question)
17  PLAZA SQUARE, LTD.; HONEYBEE
    FOODS CORP; DBA JOLLIBEE; WING BIZ
18  INC DBA WINGS N THINGS; CHRIS
    CHRIS ENTERPRISES DBA LITTLE
19  CAESARS; SANG K. LEE DBA BASKIN-
    ROBBINS ICE CREAM; SATHAPHONE
20  KHAMPHAU & QUAN LIOU KHAMPHAU
    AKA MICHAEL WONG & SENG DEVANE
21  DBA PLAZA COIN LAUNDRY; EMILIA T.
    HERNANDEZ DMD; KEDDINGTON &
22  KALRA OPTEOMERISTS APC DBA EYE
    CARE OPTOMETRY ASSOCIATE;
23  ANNABELLE MATTOX DBA ANABEL HAIR
    AFFAIR; H & R BLOCK INC; LOAN
24  NGUYEN DBA CHARLENES NAIL; KIM
    PHAT JEWELRY AND REPAIR CORP; GIFTS
25  AND FAVORS; HOLLYWOOD MUSIC;
    MOMMY AND ME; DR BRADFORD
26  EMERY; and DOES 1 THROUGH 10,
    Inclusive,
27
                Defendants.
28

P:00428591:56220.002

CR

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2    PLEASE TAKE NOTICE that defendants PLAZA SQUARE, LTD., HONEYBEE FOODS

3    CORP, DBA JOLLIBEE; WING BIZ INC DBA WINGS N THINGS; CHRIS CHRIS

4    ENTERPRISES DBA LITTLE CAESARS; SANG K. LEE DBA BASKIN-ROBBINS ICE CREAM;

5    MICHAEL WONG DBA PLAZA COIN LAUNDRY; EMILIA T. HERNANDEZ DMD;

6    KEDDINGTON & KALRA OPTEOMERISTS APC DBA EYE CARE OPTOMETRY ASSOCIATE;

7    ANNABELLE MATTOX DBA ANABEL HAIR AFFAIR; LOAN NGUYEN DBA CHARLENES

8    NAIL; KIM PHAT JEWELRY AND REPAIR CORP; HOLLYWOOD MUSIC; MOMMY AND

9    ME; DR BRADFORD EMERY (herein after "Defendants") hereby remove to this Court the

10   state court action described below.

11       1.    On April 29, 2008, an action was commenced in the Superior Court of the

12   State of California in and for the City and County of San Diego entitled *Noni Gotti, Plaintiff*

13   *v. Plaza Square, Ltd., et al., Defendants*, as Case No. 37-2008-00070275-CU-CR-SC,

14   attached hereto as Exhibit A.

15       2.    The first date upon which defendant PLAZA SQUARE, LTD. received a copy

16   of said complaint was May 8, 2008, when defendant PLAZA SQUARE, LTD. was served

17   with a copy of said complaint and a summons from said court.  A copy of the summons is

18   attached hereto as Exhibit B.

19       3.    This action is a civil action of which this Court has original jurisdiction under

20   28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants in that it

21   arises under 42 U.S.C. 12182(a) *et seq.*

22       4.    Defendant PLAZA SQUARE, LTD. is informed and believes that defendant

23   H & R BLOCK INC. has not been served in this action as its offices were closed through

24   May of 2008 and remain closed to date.  Defendant PLAZA SQUARE, LTD. is informed and

25   ///

26   ///

27   ///

28

1    believes that defendant GIFTS AND FAVORS has not been served in this action as it was

2    not a tenant of PLAZA SQUARE, LTD. in May of 2008.

3

4    Dated:  June 9, 2008                        DANIEL E. GARDENSWARTZ
                                                 Attorneys for Defendants PLAZA SQUARE,
5                                                LTD.; HONEYBEE FOODS CORP, DBA
                                                 JOLLIBEE; WING BIZ INC DBA WINGS N
6                                                THINGS; CHRIS CHRIS ENTERPRISES DBA
                                                 LITTLE CAESARS; SANG K. LEE DBA BASKIN-
7                                                ROBBINS ICE CREAM; MICHAEL WONG
                                                 DBA PLAZA COIN LAUNDRY; EMILIA T.
8                                                HERNANDEZ DMD; KEDDINGTON
                                                 & KALRA OPTEOMERISTS APC DBA EYE
9                                                CARE OPTOMETRY ASSOCIATE; ANNABELLE
                                                 MATTOX DBA ANABEL HAIR AFFAIR; LOAN
10                                               NGUYEN DBA CHARLENES NAIL; KIM PHAT
                                                 JEWELRY AND REPAIR CORP; HOLLYWOOD
11                                               MUSIC; MOMMY AND ME; DR BRADFORD
                                                 EMERY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

1

**PINNOCK & WAKEFIELD**
A Professional Corporation
2
Theodore A. Pinnock, Esq.        Bar #: 153434
3
David C. Wakefield, Esq.         Bar #: 185736
3033 Fifth Avenue, Suite 410
4
San Diego, CA 92103
Telephone: 619.858.3671
5
Facsimile: 619.858.3646

6
Attorneys for Plaintiff

7

8
SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN DIEGO

9

| | |
|---|---|
| NONI GOTTI, | Case No. 37-2008-00070275-CU-CR-SC |
| Plaintiff, | |
| v. | **CIVIL COMPLAINT:** <br> **DISCRIMINATORY PRACTICES IN** <br> **PUBLIC ACCOMMODATIONS** <br> [42 U.S.C. 12182(a) ET. SEQ; CIVIL <br> CODE 51, 52, 54, 54.1, 54.3] |
| PLAZA SQUARE, LTD.; HONEYBEE FOODS CORP; DBA JOLLIBEE; WING BIZ INC DBA WINGS N THINGS; CHRIS CHRIS ENTERPRISES INC DBA LITTLE CAESARS; SANG K. LEE DBA BASKIN-ROBBINS ICE CREAM; SATHAPHONE KHAMPHAU & QUAN LIOU KHAMPHAU AKA MICHAEL WONG & SENG DEVANE DBA PLAZA COIN LAUNDRY; EMILIA T. HERNANDEZ DMD; KEDDINGTON & KALRA OPTEOMERISTS APC DBA EYE CARE OPTOMETRY ASSOCIATE; ANNABELLE MATTOX DBA ANABEL HAIR AFFAIR; H & R BLOCK INC; LOAN NGUYEN DBA CHARLENES NAILS; KIM PHAT JEWELRY AND REPAIR CORP.; GIFTS AND FAVORS; HOLLYWOOD MUSIC; MOMMY AND ME; DR BRADFORD EMERY; And DOES 1 THROUGH 10, Inclusive | **UNLIMITED CIVIL CASE –** <br> **PERMANENT INJUNCTIVE RELIEF** |

10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28

1

COMPLAINT

EXHIBIT A

| Defendants. |
|---|

## NAMED DEFENDANTS AND NAMED PLAINTIFF

1.    Plaintiff is informed, believes and thereon alleges that Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California.    Plaintiff is informed and believes and thereon alleges that Defendants PLAZA SQUARE, LTD.; HONEYBEE FOODS CORP; DBA JOLLIBEE; WING BIZ INC DBA WINGS N THINGS; CHRIS CHRIS ENTERPRISES INC DBA LITTLE CAESARS; SANG K. LEE DBA BASKIN-ROBBINS ICE CREAM; SATHAPHONE KHAMPHAU & QUAN LIOU KHAMPHAU AKA MICHAEL WONG & SENG DEVANE DBA PLAZA COIN LAUNDRY; EMILIA T. HERNANDEZ DMD; KEDDINGTON & KALRA OPTEOMERISTS APC DBA EYE CARE OPTOMETRY ASSOCIATE; ANNABELLE MATTOX DBA ANABEL HAIR AFFAIR; H & R BLOCK INC; LOAN NGUYEN DBA CHARLENES NAILS; KIM PHAT JEWELRY AND REPAIR CORP.; GIFTS AND FAVORS; HOLLYWOOD MUSIC; MOMMY AND ME; DR BRADFORD EMERY are the owner, operator, and/or lessor/lessee of the real property and the public accommodation located thereon at the Property Address: 1401 PLAZA BLVD, NATIONAL CITY, CA 91950; Assessor's Parcel Number: 557-250-43. Defendant PLAZA SQUARE, LTD. c/o Registered Agent: PEGGY SHAPIRO, located at 5080 SHOREHAM PLACE, STE. 202, SAN DIEGO, CA 92122. Defendant HONEYBEE FOODS CORP; DBA JOLLIBEE is located at 1401 E PLAZA BLVD, NATIONAL CITY, CA 91950 or HONEYBEE FOODS CORPORATION c/o Registered Agent: MARIBETH DELA CRUZ, located at 16125 VALLEY BLVD, CITY OF INDUSTRY, CA 91744. Defendant WING BIZ INC DBA WINGS N THINGS is located at 1499 E PLAZA BLVD, NATIONAL CITY, CA 91950 or c/o Registered Agent: COMPANY SUPPORT SERVICES, INC., located at 9255 TOWNE CENTRE DRIVE STE 500, SAN DIEGO, CA 92121. Defendant CHRIS CHRIS ENTERPRISES INC DBA LITTLE CAESARS is located at 1495 E PLAZA BLVD, NATIONAL CITY, CA 91950.

COMPLAINT

Defendant SANG K. LEE DBA BASKIN-ROBBINS ICE CREAM is located at 1493 E PLAZA

BLVD, NATIONAL CITY, CA 91950. Defendants SATHAPHONE KHAMPHAU & QUAN

LIOU KHAMPHAU AKA MICHAEL WONG & SENG DEVANE DBA PLAZA COIN

LAUNDRY are located at 1489 E PLAZA BLVD, NATIONAL CITY, CA 91950. Defendant

EMILIA T. HERNANDEZ DMD is located at 1483 E PLAZA BLVD, NATIONAL CITY, CA

91950. Defendant KEDDINGTON & KALRA OPTEOMERISTS APC DBA EYE CARE

OPTOMETRY ASSOCIATE is located at 1481 E PLAZA BLVD, NATIONAL CITY, CA

91950. Defendant ANNABELLE MATTOX DBA ANABEL HAIR AFFAIR is located at 1473

E PLAZA BLVD, NATIONAL CITY, CA 91950. Defendant H & R BLOCK INC is located at

1461 E PLAZA BLVD, NATIONAL CITY, CA 91950 or c/o Registered Agent: C T

CORPORATION SYSTEM, located at 818 WEST SEVENTH ST, LOS ANGELES, CA 90017.

Defendant LOAN NGUYEN DBA CHARLENES NAILS is located at 1459 E PLAZA BLVD,

NATIONAL CITY, CA 91950. Defendnt KIM PHAT JEWELRY AND REPAIR CORP. is

located at 1455 E PLAZA BLVD, NATIONAL CITY, CA 91950 or c/o Registered Agent:

NGHIA LE, located at 609 VIA ARMADO, CHULA VISTA, CA 91910. Defendant GIFTS

AND FAVORS is located at 1479 E Plaza Blvd., NATIONAL CITY, CA 91950. Defendant

HOLLYWOOD MUSIC is located at 1477 E Plaza Blvd., NATIONAL CITY, CA 91950.

Defendant MOMMY AND ME is located at 1467 E Plaza Blvd., NATIONAL CITY, CA 91950.

Defendant DR BRADFORD EMERY is located at 1463 E Plaza Blvd., NATIONAL CITY, CA

91950.

2.      The words Plaintiff and Plaintiffs as used herein specifically include NONI GOTTI.

3.      Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers,

employees, agents, of Defendants PLAZA SQUARE, LTD.; HONEYBEE FOODS CORP; DBA

JOLLIBEE; WING BIZ INC DBA WINGS N THINGS; CHRIS CHRIS ENTERPRISES INC

DBA LITTLE CAESARS; SANG K. LEE DBA BASKIN-ROBBINS ICE CREAM;

SATHAPHONE KHAMPHAU & QUAN LIOU KHAMPHAU AKA MICHAEL WONG &

SENG DEVANE DBA PLAZA COIN LAUNDRY; EMILIA T. HERNANDEZ DMD;

3

KEDDINGTON & KALRA OPTEOMERISTS APC DBA EYE CARE OPTOMETRY

ASSOCIATE; ANNABELLE MATTOX DBA ANABEL HAIR AFFAIR; H & R BLOCK INC;

LOAN NGUYEN DBA CHARLENES NAILS; KIM PHAT JEWELRY AND REPAIR CORP.;

GIFTS AND FAVORS; HOLLYWOOD MUSIC; MOMMY AND ME; DR BRADFORD

EMERY. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does

1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff

will pray leave of the court to amend this complaint to allege the true names and capacities of the

Does when ascertained.

4.      Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them

herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee,

general partner, limited partner, agent, employee, representing partner, or joint venturer of the

remaining Defendants and were acting within the course and scope of that relationship. Plaintiff

is further informed and believe, and thereon allege, that each of the Defendants herein gave

consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

### CONCISE SET OF FACTS

5.      Plaintiff NONI GOTTI (hereinafter "Plaintiff") has physical and mental impairments and

due to these impairments she has successfully learned to walk with a service animal. Plaintiff

said physical and mental impairments substantially limit one or more of the following major life

activities including but not limited to: walking and clinical depression. Plaintiff has a long

history of mental impairments. Plaintiff's doctor required her to travel with a service dog as a

non-medicated treatment for her conditions. Defendants refused Plaintiff entrance due to the dog

or have a policy prohibiting service dogs.

6.      Plaintiff has physical and mental impairments because their conditions affect one or more

of the following body systems: neurological, musculoskeletal, special sense organs, and/or

cardiovascular. Further, Plaintiff said physical impairments substantially limits one or more of

the following major life activities. In addition, Plaintiff cannot perform one or more of the said

major life activities in the manner, speed, and duration when compared to the average person.

COMPLAINT

Moreover, Plaintiff has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

7.    On April 22, 2008, Plaintiff NONI GOTTI desired to visit Defendants' public accommodation facilities located at Property Address: 1401 PLAZA BLVD, NATIONAL CITY, CA 91950; Assessor's Parcel Number: 557-250-43 to utilize their goods and/or services. When Plaintiff NONI GOTTI desired to patronize Defendants' public accommodation facilities, she was unable to use and/or had difficulty using the public accommodations' facilities including but not limited to the barriers to access listed herein and said facilities were not accessible because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG" and codified in 28 C.F.R. Part 36, App. A) and/or California's Title 24 Building Code Requirements. Defendants failed to remove barriers to equal access within their public accommodation facilities as required.

8.    Plaintiff NONI GOTTI personally experienced difficulty with said access barriers as listed herein to the present Complaint at Defendants' public accommodation facilities located on the Property and/or has knowledge of said access barriers and is presently deterred from accessing the public accommodation.    Plaintiff alleges that these known barriers to access are not an exhaustive list of the barriers to access that exist at Defendants' facilities.

9.    Defendants failed to provide auxiliary aids and services that are necessary to ensure equal access to the goods, services, privileges, or accommodations that it offers. Title 28, part 36.303 of Code of Federal Regulations states:

(a) General.   A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense.

(b) Examples.   The term "auxiliary aids and services" includes:

5

COMPLAINT

(1) Qualified interpreters, notetakers, computer-aided transcription services, written materials, telephone handset amplifiers, assistive listening devices, assistive listening systems, telephones compatible with hearing aids, closed caption decoders, open and closed captioning, telecommunications devices for deaf persons (TDD's), videotext displays, or other effective methods of making aurally delivered materials available to individuals with hearing impairments;

(2) Qualified readers, taped texts, audio recordings, Brailled materials, large print materials, or other effective methods of making visually delivered materials available to individuals with visual impairments;

(3) Acquisition or modification of equipment or devices; and

(4) Other similar services and actions.

(c) Effective communication. A public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities.

10.     Plaintiff can prove these barriers as Plaintiff conducted a preliminary survey of Defendants' facility. Plaintiff specifically alleges that Defendants knew, to a substantial certainty, that the architectural barriers precluded equal access. First, Plaintiff will prove that Defendants had actual knowledge that the architectural barriers precluded equal access and that the noncompliance with ADAAG as to accessible entrances was intentional. Second, due to the abundance of ADA information and constant news covers of ADA lawsuits, Defendants had actual knowledge of the ADA and decided deliberately not to remove architectural barriers. Third, Defendants have no plans to remodel. Fourth, Defendants had actual knowledge of ADA given all the ADA public awareness campaigns, the abundance of free ADA information and the media's constant ADA coverage. Fifth, a human being acting for the defendants made a conscious decision as to how to proceed given the presence of the architectural barriers. Plaintiff alleges any alternative methods preclude integration of disabled patrons, as it requires them to use second-class facilities. Also, expert testimony will show the facility contained inaccessible

features. Plaintiff alleges businesses often state that they have few customers with disabilities. Plaintiff alleges such customers avoid patronizing inaccessible businesses and are deterred from patronizing such businesses.

11.     The Plaintiff went to the Commercial Complex in E Plaza Blvd, National City. There's no accessible route from public sidewalk to businesses. Leads you to drive thru at Jollibee located at 1401 E Plaza. There are two (2) handicapped parking but no signage for handicapped parking. No International symbol of accessibility signage at the entrance. The entrance lacks clear floor space. The steps lack handrails, only one (1) handrail. The steps lack the slip resistance surface. Chairs not accessible will hit knees. Wings N Things at 1499 E Plaza the counter exceeds 36 inches. Pipe not covered on sink in bathroom and no seat covers at all. Chairs not accessible will hit knee. Ramp is too steep and no rail. Little Caesars at 1495 E Plaza has no International symbol of accessibility signage at the entrance and there are loose mats. Baskin Robbins at 1493 E Plaza has no International symbol of accessibility signage at the entrance. Chairs not accessible and knee will hit pole. Plaza Coin Laundry at 1489 E Plaza has no International symbol of accessibility signage at the entrance. The entrance doorknob is not a lever. Knob on sink cabinet needs to be removed. The mirror is too high. Distant between toilet and sink should be five (5) feet. EMILIA T. HERNANDEZ DMD's clinic at 1483 E Plaza has no International symbol of accessibility signage at the entrance, the counter exceeds 36 inches and there are loose mats. Eye Care Optometry at 1481 E Plaza has no International symbol of accessibility signage at the entrance and there are loose mats. Gifts and Favors at 1479 E Plaza has no International symbol of accessibility signage at the entrance. Hollywood Music at 1477 E Plaza has no International symbol of accessibility signage at the entrance and there are loose mats. Anabel Hair Affair has no International symbol of accessibility signage at the entrance and the counter exceeds 36 inches. Mommy and Me at 1467 E Plaza's entrance lacks clear floor space and counter exceeds 36 inches. Dr. Bradford Emery at 1463 E Plaza has no International symbol of accessibility signage at the entrance and the counter exceeds 36 inches. H & R Block at 1461 E Plaza has no International symbol of accessibility signage at the entrance and the counter exceeds 36 inches.

Charlenes Nails at 1459 E Plaza has has no International symbol of accessibility signage at the entrance. The counter at Kim Phat Jewelry located at 1455 E Plaza, exceeds 36 inches.

12.     Plaintiff intends to return to Defendants' public accommodation facilities in the immediate future. Plaintiff was deterred and is presently deterred from returning due to her knowledge of the barriers to access that exist at Defendants' facilities.

13.     Pursuant to federal and state law, Defendants are required t\o remove barriers to their existing facilities. Further, Defendants had actual knowledge of their barrier removal duties under the Americans with Disabilities Act and the Civil Code before January 26, 1992. Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers.

14.     Plaintiff believes and herein alleges Defendants' facilities have access violations not directly experienced by Plaintiff which would preclude or limit access by Plaintiff potentially including but not limited to violations of the ADA, ADA Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A) and Title 24 of the California Building Code. Plaintiff alleges Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by Adaptive Environments. Plaintiff is entitled to injunctive relief to remove all barriers to access that are related to her disability even those barriers that are only known to exist but are not directly experienced by plaintiff. *Doran v 7-Eleven Inc*, 2007 U.S.App.Lexis 26143 (9th Cir 2007).

15.     Based on these facts, Plaintiff alleges she was discriminated against each time he patronized and/or was deterred from patronizing Defendants' facilities. Plaintiff was extremely upset due to Defendants' conduct.

16.     Plaintiff is not required to provide notice to the defendants prior to filing a complaint and/or to recover attorney fees and costs. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir 2000). *Skaff v Meridien*, 2007 U.S. App. LEXIS 25516 (9th Cir 2007).

**WHAT CLAIMS ARE PLAINTIFF ALLEGING AGAINST EACH NAMED**

8

**DEFENDANT**

17.    Defendants PLAZA SQUARE, LTD.; HONEYBEE FOODS CORP; DBA JOLLIBEE;

WING BIZ INC DBA WINGS N THINGS; CHRIS CHRIS ENTERPRISES INC DBA LITTLE

CAESARS; SANG K. LEE DBA BASKIN-ROBBINS ICE CREAM; SATHAPHONE

KHAMPHAU & QUAN LIOU KHAMPHAU AKA MICHAEL WONG & SENG DEVANE

DBA PLAZA COIN LAUNDRY; EMILIA T. HERNANDEZ DMD; KEDDINGTON &

KALRA OPTEOMERISTS APC DBA EYE CARE OPTOMETRY ASSOCIATE;

ANNABELLE MATTOX DBA ANABEL HAIR AFFAIR; H & R BLOCK INC; LOAN

NGUYEN DBA CHARLENES NAILS; KIM PHAT JEWELRY AND REPAIR CORP.; GIFTS

AND FAVORS; HOLLYWOOD MUSIC; MOMMY AND ME; DR BRADFORD EMERY and

Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

18.    Plaintiff avers that the Defendants are liable for the following claims as alleged below:

### DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS- **Claims Under The Americans**

**With Disabilities Act Of 1990**

Claim I

19.    Based on the facts stated above, Defendants discriminated against Plaintiff on the basis of

disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages,

or accommodations of any place of public  accommodation as Defendants own, lease (or lease

to), or operate a  place of public accommodation in violation of 42 U.S.C. §12182.

Claim II

20.    Based on the facts stated above, Defendants discriminated against Plaintiff directly, or

through contractual, licensing, or other arrangements, to a denial of the opportunity of the

individual or class to participate in or benefit from the goods, services, facilities, privileges,

advantages, or accommodations of an entity in violation of 42 U.S.C. §12182.

Claim III

21.    Based on the facts stated above, Defendants discriminated against Plaintiff as it is

9

discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals in violation of 42 U.S.C. §12182.

Claim IV

22.  Based on the facts stated above, Defendants discriminated against Plaintiff as it is discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals.

Claim V

23.  Based on the facts stated above, Defendants discriminated against Plaintiff as Defendants failed to afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual in violation of 42 U.S.C. §12182.

Claim VI

24.  Based on the facts stated above, Defendants discriminated against Plaintiff as Defendants utilized standards or criteria or methods of administration that have the effect of discriminating on the basis of disability; or that perpetuate the discrimination of others who are subject to common administrative control in violation of 42 U.S.C. §12182.

Claim VII

25.  Based on the facts stated above, Defendants discriminated against Plaintiff as it is discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association in violation of 42 U.S.C. §12182. See Niece v. Fitzner 922 F. Supp. 1208 (1996)

COMPLAINT

Claim VIII

26.    Based on the facts stated above, Defendants discriminated against Plaintiff as Defendants engaged in the specific prohibitions as stated in 42 U.S.C. §12182.

Claim IX

27.    Based on the facts stated above, Defendants discriminated against Plaintiff as Defendant failed to demonstrate that the removal of a barrier is not readily achievable, and made such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods in a segregated manner in violation of 42 U.S.C. §12182.   Plaintiff is entitled to injunctive relief to remove all barriers to access that are related to his disability even those barriers that are only known to exist but are not directly experienced by plaintiff. *Doran v 7-Eleven Inc,* 2007 U.S.App.Lexis 26143 (9th Cir 2007).

Claim X

28.    Based on the facts stated above, Defendants discriminated against Plaintiff as Defendants altered the use of their establishment in a manner that affected or could have affected the usability of the facility or part thereof and failed to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities in violation of 42 U.S.C. §12183.

29.    WHEREFORE, Plaintiff pray for judgment and relief as hereinafter set forth.

SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - CLAIMS UNDER
CALIFORNIA ACCESSIBILITY LAWS

CLAIM I: Denial Of Full And Equal Access

30.    Based on the facts plead above and elsewhere in this complaint, Plaintiff was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1.

CLAIM II: Failure To Modify Practices, Policies And Procedures

31.    Based on the facts plead above and elsewhere herein this complaint, Defendants failed and

refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1. Thus, Plaintiff was subjected to discrimination in violation of Civil Code § 54.1.

## CLAIM III: <u>Violation Of The Unruh Act</u>

32. ' Based on the facts plead above and elsewhere herein this complaint and because Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(2), Defendants did and continue to knowingly discriminate against Plaintiff and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1. Plaintiff alleges the access violations alleged here are so obvious as to implicate at least a prima facie case of discriminatory intent.

33.    Based on the facts plead above, Claims I, II, and III of Plaintiffs' Second Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a state and national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff desires to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with state civil rights laws enacted for the benefit of individuals with disabilities.

34.    Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

DEMAND FOR JUDGMENT FOR RELIEF:

A.      For injunctive relief pursuant to 42 U.S.C. § 12188(a).

B.      For general damages pursuant to Cal. Civil Code §§ 52 or 54.3;

C.      For $4,000 in damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A);

D.      In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph C above, for $1,000 in damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

E.      For treble damages pursuant to Cal. Civil Code §§ 52(a) or 54.3(a);

F.      For attorneys fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, and Cal. Civil Code § 52; 54.3;

G.      A Jury Trial and;

H.      For such other further relief as the court deems proper.

Respectfully submitted:

Dated: April 24, 2008

PINNOCK & WAKEFIELD, A.P.C.

By: _____
        THEODORE A. PINNOCK, ESQ.
        DAVID C. WAKEFIELD, ESQ.
        Attorneys for Plaintiff

13                                                    COMPLAINT

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PLAZA SQUARE, LTD.; HONEYBEE FOODS CORP. DBA JOLLIBEE; WING HUE INC DBA WINGS N THINGS; CHRIS CHRIS ENTERPRISES INC DBA LITTLE CAESARS; SANG K. LEE DBA BASKIN-ROBBINS ICE CREAM; SACHAPHONE KHAMPHAM & QUAN LIEU KHAMPHAM; AKA MICHAEL WONG & SUNG DEVANE DBA PLAZA COIN LAUNDRY; EMILIA T. HERNANDEZ DBA J. KEDDINGTON & KALRA OPTOMETRISTS APC DBA EYE CARE OPTOMETRY ASSOCIATE; ANNABELLE MAFFON DBA ANABEL HAIR AFFAIR; H & R BLOCK INC. LOAN NGUYEN DBA CREATIONS NAILS; KIM PHAT JEWELRY AND REPAIR CORP.; GIFTS AND FAVORS; HOLLYWOOD MUSIC; MOMMY AND ME; DR BRADFORD EMERY; and DOES 1 THROUGH 10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

**NONI GOTTI**

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento, la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:    San Diego Superior Court<br>*(El nombre y dirección de la corte es):* | CASE **37-2008-00070275-CU-CR-SC**<br>*(Número del Caso)* |

South County Regional Center
500 3rd Avenue, Chula Vista, California 91910

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado, o del demandante que no tiene abogado, es):*
Theodore A. Pinnock, Esq.  Bar #: 153434; David C. Wakefield, Esq.  Bar #: 185736; Michelle Wakefield, Esq.  Bar #: 200424
3033 Fifth Avenue, Suite 410 San Diego, CA 92103

| DATE:<br>*(Fecha)* | MAY 0 1 2008 | Clerk, by    A. Naranjo<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons. (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):   Plaza Square, LTD

   under:  ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other (specify):

4. ☒ by personal delivery on (date):  05/8/08

*Form Adopted for Mandatory Use*
*Judicial Council of California*
*SUM-100 (Rev. January 1, 2004)*

**SUMMON**

EXHIBIT B

**PROOF OF SERVICE**

I, the undersigned, declare:

I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is Solomon Ward Seidenwurm & Smith, LLP, 401 B Street, Suite 1200, San Diego, California 92101.

On June 9, 2008, I served a copy, including all exhibits, if any, of the following document(s):

**NOTICE OF REMOVAL OF ACTION**

on the parties in this action listed in the attached Proof of Service List, which is incorporated herein by this reference, by the following means:

☒     **(BY MAIL)** I caused each such envelope to be sealed and placed for collection and mailing from my business address. I am readily familiar with the practice of Solomon Ward Seidenwurm & Smith, LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business mail is deposited with the postage thereon fully prepaid in the United States Postal Service the same day as it is placed for collection. I am aware that upon motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐     **(BY PERSONAL SERVICE)** I caused each such envelope to be sealed and given to a courier authorized by our attorney service to receive documents for delivery on the same date. A proof of service signed by the authorized courier will be filed forthwith.

☐     **(BY FEDERAL EXPRESS)** I am readily familiar with the practice of Solomon Ward Seidenwurm & Smith, LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☐     **(BY FACSIMILE)** This document was transmitted by facsimile transmission from (619) 231-4755 and the transmission was reported as complete and without error. I then caused the transmitting facsimile machine to properly issue a transmission report, a copy of which is attached to this affidavit.

☐     **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒     **(FEDERAL)** I declare that I am employed in the office of a member of this bar of this court, at whose direction this service was made.

Executed on June 9, 2008, at San Diego, California.

_Pamela Blanton_
Pamela Blanton

P:00426619:56220.002

1                     **PROOF OF SERVICE LIST**

2   Theodore A. Pinnock, Esq.
     David C. Wakefield, Esq.
3   Pinnock & Wakefield
     3033 Fifth Avenue, Suite 410
4   San Diego, CA 92103

5   Tel:  (619) 858-3671
     Fax:  (619) 858-3646
6
     Attorneys for Plaintiff NONI GOTTI
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORIGINAL

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| NONI GOTTI | PLAZA SQUARE, LTD. |

'08 CV 1029 WQH WMC

08 JUN -9 PM 4:29

| **(b)** County of Residence of First Listed Plaintiff   San Diego | County of Residence of First Listed Defendant   San Diego |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

DEPUTY

| **(c)** Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Theodore A. Pinnock, Esq., Pinnock & Wakefield, 3033 Fifth Ave., Ste 410, San Diego, CA 92103; (619) 858-3671 | Daniel E. Gardenswartz, Esq., Solomon Ward, et al., 401 B St., Ste 1200, San Diego, CA 92101; (619) 231-0303 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 463 Habeas Corpus - | | to Justice |
| | ☒ 446 Amer. w/Disabilities - | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | Actions | | |
| | **PRISONER PETITIONS** | | | |
| | ☐ 510 Motions to Vacate | | | |
| | Sentence | | | |
| | **Habeas Corpus:** | | | |
| | ☐ 530 General | | | |
| | ☐ 535 Death Penalty | | | |
| | ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 12182(a)
Brief description of cause:
Discriminatory Practices in Public Accommodations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 06/09/2008 | |

**FOR OFFICE USE ONLY**

RECEIPT # 151774  AMOUNT $350  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

TAC  6/9/08

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 151774    — TC

# June 09, 2008
# 16:31:22

## Civ Fil Non-Pris
USAO #.: 08CV1029
Judge..: WILLIAM Q HAYES
Amount.:                      $350.00 CK
Check#.: BC1625

## Total—> $350.00

FROM: NONI GOTTI VS.
       PLAZA SQUARE, LTD.