DANIEL E. GARDENSWARTZ [SBN 169749]
dgardenswartz@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone: (619) 231-0303
Facsimile: (619) 231-4755

Attorneys for Defendants PLAZA SQUARE, LTD, et al.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

NONI GOTTI,

Plaintiff,

v.

PLAZA SQUARE, LTD.; HONEYBEE FOODS CORP; DBA JOLLIBEE; WING BIZ INC DBA WINGS N THINGS; CHRIS CHRIS ENTERPRISES DBA LITTLE CAESARS; SANG K. LEE DBA BASKIN-ROBBINS ICE CREAM; SATHAPHONE KHAMPHAU & QUAN LIOU KHAMPHAU AKA MICHAEL WONG & SENG DEVANE DBA PLAZA COIN LAUNDRY; EMILIA T. HERNANDEZ DMD; KEDDINGTON & KALRA OPTEOMERISTS APC DBA EYE CARE OPTOMETRY ASSOCIATE; ANNABELLE MATTOX DBA ANABEL HAIR AFFAIR; H & R BLOCK INC; LOAN NGUYEN DBA CHARLENES NAIL; KIM PHAT JEWELRY AND REPAIR CORP; GIFTS AND FAVORS; HOLLYWOOD MUSIC; MOMMY AND ME; DR BRADFORD EMERY; and DOES 1 THROUGH 10, Inclusive,

Defendants.

CASE NO. 08cv1029 WQH (POR)

**ANSWER TO COMPLAINT FOR DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**

Notice of Removal filed 6/09/08

Defendants PLAZA SQUARE, LTD.; HONEYBEE FOODS CORP. DBA JOLLIBEE; WING BIZ INC DBA WINGS N THINGS; CHRIS CHRIS ENTERPRISES DBA LITTLE CAESARS; SANG K. LEE DBA BASKIN-ROBBINS ICE CREAM; EMILIA T. HERNANDEZ

DMD; KEDDINGTON & KALRA OPTEOMERISTS APC DBA EYE CARE OPTOMETRY ASSOCIATE; ANNABELLE MATTOX DBA ANABEL HAIR AFFAIR; H & R BLOCK INC; LOAN NGUYEN DBA CHARLENES NAIL; KIM PHAT JEWELRY AND REPAIR CORP; HOLLYWOOD MUSIC; MOMMY AND ME; DR BRADFORD EMERY ("Defendants") severing themselves from all other defendants, answer Plaintiff NONI GOTTI's ("Plaintiff") Complaint for Discriminatory Practices in Public Accommodations [42 U.S.C. 12182(a) et. Seq.; Civil Code 51, 52, 54, 54.1, 54.3] ("Complaint") and allege as follows:

**NAMED DEFENDANTS AND NAMED PLAINTIFFS**

1. Defendants deny each and every allegation contained in paragraph 1 of the Complaint for lack of information or belief.

2. Defendants affirmatively aver that no response is required to paragraph 2 of Plaintiff's Complaint.

3. Defendants deny each and every allegation contained in paragraph 3 of the Complaint for lack of information or belief.

4. Defendants deny each and every allegation contained in paragraph 4 of the Complaint for lack of information or belief.

**CONCISE SET OF FACTS**

5. Defendants deny each and every allegation contained in paragraph 5 of the Complaint for lack of information or belief.

6. Defendants deny each and every allegation contained in paragraph 6 of the Complaint for lack of information or belief. Defendants further allege that the allegations contained in this paragraph call for a legal conclusion and are denied on that basis. Title III of the ADA and the California Civil and Administrative Codes speak for themselves.

7. Defendants deny each and every allegation contained in paragraph 7 of the Complaint for lack of information or belief. Defendants further allege that the allegations contained in this paragraph call for a legal conclusion and are denied on that basis. Title III of the ADA and the California Civil and Administrative Codes speak for themselves.

8. Defendants deny each and every allegation contained in paragraph 8 of the

Complaint for lack of information or belief. Defendants further allege that the allegations contained in this paragraph call for a legal conclusion and are denied on that basis.

9. Defendants deny each and every allegation contained in paragraph 9 of the Complaint for lack of information or belief. Title 28, part 36.303 of the Code of Federal Regulations speaks for itself.

10. Defendants deny each and every allegation contained in paragraph 10 of the Complaint for lack of information or belief.

11. Defendants deny each and every allegation contained in paragraph 11 of the Complaint for lack of information or belief. Defendants further allege that they are currently engaged in the process of investigating Plaintiff's allegations contained in this paragraph and cannot admit or deny, and, on that basis, must therefore deny the allegations.

12. Defendants deny each and every allegation contained in paragraph 12 of the Complaint for lack of information or belief.

13. Defendants deny each and every allegation contained in paragraph 13 of the Complaint for lack of information or belief. Defendants further allege that the allegations contained in this paragraph call for a legal conclusion and are denied on that basis. Title III of the ADA and the California Civil and Administrative Codes speak for themselves.

14. Defendants deny each and every allegation contained in paragraph 14 of the Complaint for lack of information or belief. Defendants further allege that the allegations contained in this paragraph call for a legal conclusion and are denied on that basis. Title III of the ADA and the California Civil and Administrative Codes speak for themselves.

15. Defendants deny each and every allegation contained in paragraph 15 of the Complaint for lack of information or belief.

16. Defendants deny each and every allegation contained in paragraph 16 of the Complaint for lack of information or belief. Defendants further allege that the allegations contained in this paragraph call for a legal conclusion and are denied on that basis.

///

**WHAT CLAIMS PLAINTIFF IS ALLEGING AGAINST EACH NAMED DEFENDANT**

17. Defendants affirmatively aver that no response is required to paragraph 17 of Plaintiff's Complaint.

18. Defendants deny each and every allegation contained in paragraph 18 of the Complaint for lack of information or belief. Defendants further allege that the allegations contained in this paragraph call for a legal conclusion and are denied on that basis. Title III of the ADA speaks for itself.

19. Defendants deny each and every allegation contained in paragraph 19 of the Complaint for lack of information or belief. Defendants further allege that the allegations contained in this paragraph call for a legal conclusion and are denied on that basis. 42 U.S.C. § 12182 speaks for itself.

20. Defendants deny each and every allegation contained in paragraph 20 of the Complaint for lack of information or belief. Defendants further allege that the allegations contained in this paragraph call for a legal conclusion and are denied on that basis. 42 U.S.C. § 12182 speaks for itself.

21. Defendants deny each and every allegation contained in paragraph 21 of the Complaint for lack of information or belief. Defendants further allege that the allegations contained in this paragraph call for a legal conclusion and are denied on that basis. 42 U.S.C. § 12182 speaks for itself.

22. Defendants deny each and every allegation contained in paragraph 22 of the Complaint for lack of information or belief. Defendants further allege that the allegations contained in this paragraph call for a legal conclusion and are denied on that basis.

23. Defendants deny each and every allegation contained in paragraph 23 of the Complaint for lack of information or belief. Defendants further allege that the allegations contained in this paragraph call for a legal conclusion and are denied on that basis. 42 U.S.C. § 12182 speaks for itself.

24. Defendants deny each and every allegation contained in paragraph 24 of the Complaint for lack of information or belief. Defendants further allege that the allegations

contained in this paragraph call for a legal conclusion and are denied on that basis. 42 U.S.C. § 12182 speaks for itself.

25. Defendants deny each and every allegation contained in paragraph 25 of the Complaint for lack of information or belief. Defendants further allege that the allegations contained in this paragraph call for a legal conclusion and are denied on that basis. 42 U.S.C. § 12182 and *Niece v. Fitzner*, 922 F.Supp. 1208 (1996) speak for themselves.

26. Defendants deny each and every allegation contained in paragraph 26 of the Complaint for lack of information or belief. Defendants further allege that the allegations contained in this paragraph call for a legal conclusion and are denied on that basis. 42 U.S.C. § 12182 speaks for itself.

27. Defendants deny each and every allegation contained in paragraph 27 of the Complaint for lack of information or belief. Defendants further allege that the allegations contained in this paragraph call for a legal conclusion and are denied on that basis. 42 U.S.C. § 12182 and *Doran v. 7-Eleven, Inc.* U.S.App.LEXIS 26143 (9th Cir. 2007) speak for themselves.

28. Defendants deny each and every allegation contained in paragraph 28 of the Complaint for lack of information or belief. Defendants further allege that the allegations contained in this paragraph call for a legal conclusion and are denied on that basis. 42 U.S.C. § 12183 speaks for itself.

29. Defendants deny each and every allegation contained in paragraph 29 of the Complaint for lack of information or belief. Defendants further allege that the allegations contained in this paragraph call for a legal conclusion and are denied on that basis. The California Accessibility Laws speak for themselves.

30. Defendants deny each and every allegation contained in paragraph 30 of the Complaint for lack of information or belief. Defendants further allege that the allegations contained in this paragraph call for a legal conclusion and are denied on that basis. California Civil Code sections 54 and 54.1 speak for themselves.

31. Defendants deny each and every allegation contained in paragraph 31 of the

Complaint for lack of information or belief. Defendants further allege that the allegations contained in this paragraph call for a legal conclusion and are denied on that basis. California Civil Code section 54.1 speaks for itself.

32. Defendants deny each and every allegation contained in paragraph 32 of the Complaint for lack of information or belief. Defendants further allege that the allegations contained in this paragraph call for a legal conclusion and are denied on that basis. 42 U.S.C. §§ 12182(b)(2)(A)(iv) and 12183(a)(2) and California Civil Code §§ 51, 52, and 54.1 speak for themselves.

33. Defendants deny each and every allegation contained in paragraph 33 of the Complaint for lack of information or belief. Defendants further allege that the allegations contained in this paragraph call for a legal conclusion and are denied on that basis.

34. Defendants deny each and every allegation contained in paragraph 34 of the Complaint for lack of information or belief. Defendants further allege that the allegations contained in this paragraph call for a legal conclusion and are denied on that basis. Title III of the ADA and the California Civil and Administrative Codes speak for themselves.

**AFFIRMATIVE DEFENSES**

35. Defendants assert the following separate defenses to the claims for relief set forth in the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

36. Defendants are informed and believe and on that basis allege that they took reasonable steps to prevent and correct any barriers to access, if any, while Plaintiff unreasonably failed to use the preventative and corrective measures provided by Defendants, and unreasonably failed to take action that would have prevented or corrected the barriers she allegedly encountered. Had Plaintiff made reasonable use of Defendants' procedures, they would have prevented the harm she allegedly suffered. By reason of the foregoing, Plaintiff is barred in whole or in part from recovering damages herein.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

37. Plaintiff failed to state a claim upon which relief can be granted against Defendants.

**THIRD AFFIRMATIVE DEFENSE**

**(Standing)**

38. Plaintiff lacks standing and/or is not a member of the class intended to be protected by the applicable law.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

39. Plaintiff has engaged in conduct and activities by reason of which Plaintiff is estopped to assert any claim against Defendants.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

40. Plaintiff has waived any claim against Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

41. Plaintiff has failed to take reasonable or adequate steps to mitigate, alter, reduce or otherwise diminish the damages or injuries, if any, suffered by Plaintiff. Therefore, Plaintiff is barred from any recovery for such damages or injuries, if any.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

42. Plaintiff's claims are barred under the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

43. Plaintiff would be unjustly enriched by any recovery against Defendants.

///

**NINTH AFFIRMATIVE DEFENSE**

**(In *Pari Delicto*)**

44. Plaintiff's request for relief is barred under the doctrine in *pari delicto.*

**TENTH AFFIRMATIVE DEFENSE**

**(Comparative Negligence)**

45. Defendants are informed and believe and on that basis allege that Plaintiff's alleged damages, if any, were wholly or partly contributed to and proximately caused by the conduct and activities of Plaintiff or others, including their negligence and carelessness. Plaintiff's recovery, if any, is diminished proportionately or completely to the extent that Plaintiff's loss is attributable to Plaintiff's own negligence or other fault, or to the negligence or fault of others.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault: Other Defendants or Third Parties)**

46. All events and happenings alleged in the Complaint and the resulting injuries and damages, if any, were proximately caused by the negligent, wrongful and tortious conduct of other defendants or unknown third parties. Therefore, any recovery received by Plaintiff in this matter should be barred or, in the alternative, diminished in an amount that is in direct proportion to the extent of comparative fault of the other defendants or unknown third parties.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Superceding Cause)**

47. Defendants are informed and believe and on that basis allege that Plaintiff's Complaint is barred because any alleged acts or omissions of Defendants were superseded by the acts or omissions of others, including Plaintiff and her agents or employees, which were the sole proximate cause of the injury, damage or loss to Plaintiff, thereby barring or diminishing Plaintiff's recovery in this action.

///

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

48. Plaintiff is barred from any recovery under the doctrine of laches.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Statue of Limitations)**

49. Plaintiff's claims are barred by the applicable statute of limitations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Justification and Privilege)**

50. Any alleged acts or omissions by Defendants were undertaken in good faith, without malice, for non-discriminatory reasons and in accordance with Defendants' legal rights, in order to further and protect the legitimate business interests of Defendants, and were thus justified and privileged. As a result, Plaintiff is barred from recovering damages for each of her claims alleged in the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Punitive Damages)**

51. Plaintiff is precluded from recovering punitive damages from Defendants under California Civil Code § 3294.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Unconstitutionality)**

52. Plaintiff has failed to state a claim upon which punitive or exemplary damages may be awarded, since the imposition of liability upon Defendants for anything other than actual damages would constitute a violation of Defendants' rights under the United States and California Constitutions.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Compliance With Laws)**

53. Plaintiff's Complaint and each count therein, are barred because Defendants complied with all applicable laws, regulations and code requirements that were in effect at the time the events about which Plaintiff complains allegedly occurred.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

54. The Complaint, and each count therein, fails and is barred in whole or in part because any purported damages or losses suffered by Plaintiff were caused by a risk which Plaintiff knowingly and voluntarily assumed.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Conditions Precedent)**

55. Plaintiff's Complaint and each count therein are barred for Plaintiff's failure to properly exhaust the appropriate remedies and/or perform the necessary conditions precedent.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

56. Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional affirmative defenses available. Defendants reserve the right to assert additional affirmative defenses in the event discovery or further analysis indicates that additional unknown or unstated affirmative defenses would be applicable.

**PRAYER**

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by way of her Complaint;
2. That judgment be entered in favor of Defendants;
3. That Defendants be awarded their costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper

DATED: June 16, 2008

s/Daniel E. Gardenswartz
Attorneys for Defendants PLAZA SQUARE, LTD, et al.

**CERTIFICATE OF SERVICE VIA CM/ECF SYSTEM**

I, herby certify that on June 16, 2008, I electronically filed the following document(s):

**ANSWER TO COMPLAINT FOR DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**

with the Clerk of the United States District Court for the Southern District of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

Theodore A. Pinnock, Esq.
Pinnock & Wakefield
3033 Fifth Avenue, Suite 410
San Diego, CA 92103
theodorepinnock@pinnockwakefieldlaw
Tel: (619) 858-3671
Fax: (619) 858-3646

Attorneys for Plaintiff NONI GOTTI

Pursuant to the CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this Certificate of Service on June 16, 2008, at San Diego, California.

Pamela Blanton